# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VERNON WHITE,** | : | CIVIL NO. 1:CV-10-0146 |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **B. A. BLEDSOE,** | : | |
| **Defendant** | : | |

## MEMORANDUM

On January 21, 2010, Vernon White ("White"), an inmate at the United States Penitentiary at Lewisburg ("USP-Lewisburg"), Pennsylvania, filed this civil rights action pursuant to 28 U.S.C. § 1331. Named as the sole defendant is B.A. Bledsoe, Warden at USP-Lewisburg. White seeks to proceed in forma pauperis in this matter. (Doc. Nos. 2, 7.) The motions will be granted.[1] The complaint is presently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, White will be directed to file an amended complaint in this action.

**I.      Allegations of the Complaint**

The "Statement of Claim" section in White's complaint reads, in its entirety, as follows:

> I was designated to the SMU Program at Lewisburg USP. During this
> process I had the right to file an appeal over the decision. I did and the
> BOP's original deadline was Sept. 19, 2009. A request for more time was
> granted with the deadline being moved to August 9, 2009. I didn't receive
> a response, so my next step was to file this form. By Mr. Bledsoe being
> the warden he is the overseer of my stay here that's why he is listed as the

---

[1] White completed this Court's form application for leave to proceed in forma pauperis and authorization form. An Administrative Order was thereafter issued on February 16, 2010 (Doc. No. 9), directing the warden at USP-Lewisburg to commence deducting the full filing fee from White's prison trust fund account

Defendant.²

(Doc. No. 1, Compl. at 2.)

White states that he is asking the Court to grant relief for him "because he is still held in this program after [his] appeal was not answered by the BOP in its set time frame." He further seeks compensatory damages "for mental stress and the unsafe conditions that he has been put in." (Id. at 3.) In addition to the complaint, he files a motion for counsel (Doc. No. 12) and a motion for medical consultation (Doc. No. 13).

## II. Discussion

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis. Section 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) <u>fails to state a claim on which relief may be granted</u>; or (iii) seeks monetary relief against a defendant who is immune from such relief.

(Emphasis added.) Federal Rule of Civil Procedure 12(b)(6) allows a defendant, in response to a complaint, to file a motion to dismiss a claim or claims for "failure to state a claim upon which relief can be granted . . . ." Section 1915(e)(2)(B)(ii) provides this ground for summary dismissal of a complaint (before service) - - failure to state a claim under Rule 12(b)(6) principles. A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. Under Fed. R. Civ. P. 12(b)(6), the court must accept as true the

---

² It appears that White inadvertently switched the dates in his Statement, and intended to state that the original deadline was August 9, 2009, and an extension was granted until September 19, 2009.

factual allegations in the complaint, and construe any inferences to be drawn from the allegations in Plaintiff's favor.  See Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).  "The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'"  Marangos v. Swett, No. 08-4146, 2009 WL 1803264 (3d Cir. June 25, 2009)(citing Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949-50 (2009).  In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain enough "facts to state a claim to relief that is plausible on its face" Iqbal, 129 S. Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly , 550 U.S. 544, 570 (2007), and the factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (internal citations omitted); accord Iqbal, 129 S. Ct. at 1953.  The facts plead must offer more "than an unadorned, the defendant-unlawfully-harmed-me accusation."  Id., 120 S. Ct. at 1949 (internal quotations and citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct at 1949 (citing Twombly, 550 U.S. at 556). Further, a district court should provide leave to amend "when amendment could cure the deficiency and would not be inequitable."  Grayson v. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir. 2002).  A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend.  Id. at 106.

In the pending complaint, the only Defendant named by White is Warden Bledsoe.  He states that he sues Bledsoe based upon the supervisory position he holds at the prison.  It is well-

3

established that civil rights claims cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). Liability cannot be based solely on the basis of a defendant's supervisory capacity, that is, there must be allegations that the official had knowledge or acquiesced in any purported acts of constitutional mistreatment. As such, any claims against Bledsoe would be subject to dismissal.

To the extent White attempts to impose liability upon some official at USP-Lewisburg because they failed to timely respond to his appeal regarding his SMU placement, he also fails to state a claim. It is well established that a prison official's failure to process grievances and appeals does not give rise to a constitutional claim. See Winn v. Dep't of Corr., 340 F. App'x 757 (3d Cir. 2009); Pressley v. Beard, 266 F. App'x 216 (3d Cir. 2008).

It also appears that Plaintiff may seek to raise due process claims with respect to his confinement in the SMU. The Court concludes that the complaint, as filed, fails to state a due process claim upon which relief may be granted. The Fifth Amendment provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. A due process claim requires a two part analysis. First, the court must determine whether the interest asserted by the plaintiff is within the scope of protection of life, liberty, or property found in the Due Process Clause. Shoats v. Horn, 213 F.3d 140, 143 (3d Cir .2000). Second, if the interest is protected by the due process clause "the question then becomes what process is due to protect it." Id.

4

In the past, in determining whether prison regulations created liberty interests, courts examined the regulations for explicitly mandatory language and specific substantive predicates giving rise to a reasonable expectation that an event would not occur unless the circumstances identified in the regulation were met. Hewitt v. Helms, 459 U.S. 460, 472 (1983). In Sandin v. Conner, 515 U.S. 472 (1995), the United States Supreme Court, addressing the question of when state prison regulations can create liberty interests protected by the Due Process Clause, modified the Hewitt analysis. The Court held that:

> States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Id. at 483-84.

In Sandin, the inmate was sentenced to thirty days of disciplinary confinement in the Special Holding Unit. As a result of the prisoner's disciplinary segregation he "had to spend his entire time alone in his cell (with the exception or 50 minutes each day on average for brief exercise and shower periods, during which he nonetheless remained isolated from other inmates and was constrained by leg irons and waist chains.)" Id. at 494 (Breyer, J. dissenting). The Court concluded that the inmate's thirty days in the Special Holding Unit did not impose the type of atypical significant deprivation, freedom from which the state might conceivably have made into a liberty interest. Id. at 486. The Court noted that in that case disciplinary confinement at the prison in question, with only insignificant exceptions, mirrored conditions imposed on inmates in administrative and protective custody; that based on a comparison of inmates inside

of and outside of disciplinary segregation, placement in segregation for thirty days did not work a major disruption in his environment; that disciplinary action did not inevitably affect the duration of the inmate's sentence; and that the "regime to which he was subject was within the range of confinement to be normally expected for one serving an indeterminate term of 30 years to life." Id. at 486-87.

Although Sandin addressed state-created liberty interests under the Fourteenth Amendment, its reasoning applies with equal force to Fifth Amendment due process claims brought by federal prisoners under Bivens. Crowder v. True, 74 F.3d 812, 814-15 (7th Cir. 1996). Following the Sandin opinion, the inquiry into whether a protected liberty interest exists in avoiding restrictive conditions of confinement "is not the language of regulations regarding those conditions but the nature of those conditions themselves 'in relation to the ordinary incidents of prison life.' " Wilkinson v. Austin, 545 U.S. 209, 223 (2005) (quoting Sandin, 515 U.S. at 484). To determine whether a protected liberty interest exists, the duration of the confinement and the conditions of that confinement are considered in relation to other prison conditions. See Mitchell v. Horn, 318 F.3d 523, 532 (3d Cir. 2003). Inquiry into the specific facts of the case is necessary to determine if a protected liberty interest exists under Sandin.

In the pending complaint White provides no facts other than that he was confined to the SMU, and had filed an appeal challenging his confinement but never received a response. It appears that he may only be confined in the SMU less than a year, but this is unclear. While in his request for relief he appears to indicate that he is subjected to "unsafe conditions" in the SMU, he provides no details. He also fails to identify any particular Defendants with respect to his claims. Accordingly, as drafted, the complaint fails to state a due process claim upon which

relief may be granted.

To the extent Plaintiff also seeks to raise a claim under the Eighth Amendment on the basis of cruel and unusual punishment, he also fails to allege facts sufficient to state a claim for relief. The Constitution does not mandate comfortable prisons. Wilson v. Seiter, 501 U.S. 294, 298 (1991). To establish a claim for an Eighth Amendment violation, a plaintiff must show (1) the deprivations sustained by the prisoner are sufficiently serious under an objective standard; and (2) prison officials acted with deliberate, subjective indifference to the prisoner's health or safety. Id. at 298. Only "extreme deprivations" are sufficient to make out an Eighth Amendment claim. Hudson v. McMillan, 503 U.S. 1, 9 (1992). Therefore, only those deprivations denying the "minimal civilized measure of life's necessities," including food, shelter, water, safety, sanitary conditions, and medical treatment, qualify as sufficiently grave to form the basis of an Eighth Amendment violation. Rhodes v. Chapman, 452 U.S. 337 346 (1981).

White has failed to allege facts from which it can reasonably be inferred that he is or was deprived of the minimal civilized measure of life's necessities. He also does not allege facts demonstrating that any individual acted with deliberate indifference to his health or safety. Accordingly, the complaint also fails to state an Eighth Amendment claim upon which relief may be granted.

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2)(B), the Court must grant White leave to amend his complaint unless amendment would be inequitable or futile. Grayson, 293 F.3d at 114. In the instant case, White will be afforded fourteen (14) days within which to

file an amended complaint attempting to state an actionable civil rights claim against a properly named defendant or defendants in accordance with the above principles.  In preparing an amended complaint, he is advised that he must comply with Federal Rule of Civil Procedure 8, and set forth at least a modicum of factual specificity, identifying the defendants and the particular conduct of the defendants purported to have harmed him.  The "amended complaint must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed."  Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  It must be filed to the above referenced civil action number.

Given that the complaint fails to state a claim upon which relief may be granted, the Court will deny White's motion for appointment of counsel (Doc. No. 12).  If Plaintiff files an amended complaint which states a claim upon which relief may be granted, the Court may reconsider, either on motion of White or sua sponte, whether to appoint counsel in this matter.  In addition, White's motion for medical consultation (Doc. No. 13) will be denied as premature.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VERNON WHITE,         :    CIVIL NO. 1:CV-10-0146
      Plaintiff,   :
                 :    (Chief Judge Kane)
      v.           :
                 :
B. A. BLEDSOE, et al.,  :
      Defendants   :

**ORDER**

**AND NOW**, this 29th day of April, 2010, upon consideration of Plaintiff's complaint (Doc. No. 1), and various motions pending in this action, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motions to proceed in forma pauperis (Doc. Nos. 2, 7) are construed as motions to proceed without full prepayment of fees and costs and are **granted**.

2. Plaintiff shall file an amended complaint within fourteen (14) days from the date of this order in accordance with the attached memorandum. The amended complaint shall carry the same civil docket number (1:10-CV-0146) presently assigned to this matter. The Clerk of Court shall forward to Plaintiff a civil rights form complaint for his use in filing the amended complaint.

3. Failure to file an amended complaint within the specified time period which complies with the attached Memorandum will result in the dismissal of the action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and the case will be closed.

4. Plaintiff's Motion for Appointment of Counsel (Doc. No. 12) is **denied without prejudice**.

5. Plaintiff's Motion for Medical Consultation (Doc. No. 13) is **denied as premature**.

          S/ Yvette Kane
          YVETTE KANE, Chief Judge
          Middle District of Pennsylvania